**Charles E. COLLINS, III, Plaintiff–Appellant,**

v.

**Judith S. KAYE, Hon., Chief Judge, Defendant.**

**No. 03–9320.**

United States Court of Appeals, Second Circuit.

Feb. 25, 2005.

Charles E. Collins, III, for Appellant, pro se.

Present: LEVAL, CABRANES and KATZMANN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

In October 2003, plaintiff Charles E. Collins, III, acting *pro se,* filed a complaint in the District Court, pursuant to 42 U.S.C. § 1983, against defendant Judith S. Kaye, Chief Judge of the New York State

Court of Appeals. Plaintiff alleged that Chief Judge Kaye violated plaintiff's constitutional right to appeal the denial of his state habeas corpus petition, which challenged his criminal mischief conviction for spraying the Court of Appeals building with chicken manure. *See Collins v. Kaye,* No. 03–CV–1284, slip op. at 1–2 (N.D.N.Y. Nov. 6, 2003). Chief Judge Kaye had issued an order denying plaintiff's motion for leave to appeal the denial of his habeas petition by the Supreme Court, Appellate Division, Third Department. The substance of plaintiff's § 1983 claim is that, as the official charged with the supervision and control of the court building, *see* N.Y. Jud. Law § 60 (Consol.2004), and as a person allegedly affected by the smell of the manure, Chief Judge Kaye was disqualified from ruling on plaintiff's motion.

In a Decision and Order dated November 6, 2003, the District Court *sua sponte* dismissed plaintiff's action with prejudice. The Court acknowledged that it must exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond." *Collins,* slip op. at 2. The Court also noted, however, that it has a "responsibility . . . to determine that a claim is not frivolous before permitting a plaintiff to proceed." *Id.* The Court then dismissed plaintiff's claim as frivolous because this Circuit's law grants judges "absolute immunity from personal liability for acts committed within their judicial jurisdiction," and because Chief Judge Kaye had jurisdiction to deny plaintiff's motion. *Id.* at 3 (emphasis and internal quotation marks omitted). Plaintiff appeals from the District Court's dismissal of his claim.

We have considered all of plaintiffs' arguments and find them without merit. Substantially for the reasons stated in the District Court's Decision and Order of November 6, 2003, we **AFFIRM.**